UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

REGINALD GHAFFAAR MCFADDEN,

          Plaintiff,

   -v-                                   18-CV-6684-FPG
                                           DECISION AND ORDER

CARL J. KOENIGSMANN, ET AL.,

          Defendants.

_____

## INTRODUCTION

*Pro se* Plaintiff, Reginald Ghaffaar McFadden, is an inmate confined at the Wende Correctional Facility ("Wende"). Plaintiff initiated this claim on September 25, 2018, raising a variety of claims under 42 U.S.C. § 1983. ECF No. 1. On February 24, 2021, he filed an Amended Complaint asserting claims under 42 U.S.C. § 1983, alleging that Defendants, *inter alia*: (1) provided inadequate medical treatment for his cardiac issues; (2) injured his arm; (3) denied him medical care regarding a wrist injury; (4) denied him medical care regarding a left ankle injury; (5) improperly retaliated against him; (6) denied him access to the courts; (7) denied him dental care; (8) exposed him to secondhand smoke which allegedly contributed to the development of COPD; and (9) provided inadequate COVID-19 prevention measures. ECF No. 47. Plaintiff also filed a motion to supplement his Amended Complaint setting forth additional claims including excessive force and first amendment violations. ECF No. 59. A motion to dismiss the claims is currently pending. *See* ECF Nos. 49, 61.

On May 13, 2021, Plaintiff moved for injunctive relief, seeking a temporary restraining order to stop Defendants from preventing Plaintiff's treatment for cancer, which he claims was caused by the secondhand smoke exposure asserted in this case. *See* ECF No. 64. On May 28,

2021, the Court denied Defendant's motion on the grounds that he failed to demonstrate a likelihood of success on the merits or that the balance of hardships tipped decidedly in his favor. *See* ECF No. 70.  On June 7, 2021, Plaintiff appealed the order.  ECF No. 73.  Such appeal remains pending.

On August 26, 2021, Plaintiff again moved for injunctive relief, seeking a temporary restraining order which orders Defendants to have Plaintiff's cancer treatment handled by Roswell Cancer Center.  ECF No. 80.  On September 9, 2021, Plaintiff filed a supplement to his motion in which he requests that the Court order Plaintiff's cancer treatments to be handled at either Roswell Cancer Center or Monroe County Medical Center's Cancer Center.  ECF No. 82.  Defendants responded on September 10, 2021, in accordance with this Court's August 27, 2021 Scheduling Order.  ECF No. 83.  For the reasons that follow, Plaintiff's motion is DENIED.

## DISCUSSION

"It is well established that in this Circuit the standard for an entry of a [temporary restraining order] is the same as for a preliminary injunction." *Andino v. Fisher*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008) (collecting cases).  In general, a district court may grant a preliminary injunction if the moving party establishes "(1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of hardships tipping decidedly in favor of the moving party." *Plaza Health Lab'y, Inc. v. Perales*, 878 F.2d 577, 580 (2d Cir. 1989).

"A preliminary injunction is considered an 'extraordinary remedy that should not be granted as a routine matter.'" *Distrib. Sys. of Am., Inc. v. Vill. of Old Westbury*, 785 F. Supp. 347, 352 (E.D.N.Y. 1992) (quoting *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 80 (2d Cir. 1990)).  The mere possibility of harm is insufficient to justify granting a preliminary injunction.

*See Borey v. Nat'l Union Fire Ins. Co.*, 934 F.2d 30, 34 (2d Cir. 1991); *Distrib. Sys. of Am.*, 785 F. Supp. at 352; *Costello v. McEnery*, 767 F. Supp. 72, 76 (S.D.N.Y. 1991). To satisfy the irreparable harm requirement, a movant generally must show that he or she is "likely to suffer irreparable injury if the injunction is not granted," *Beal v. Stern*, 184 F.3d 117, 122 (2d Cir. 1999), and that the harm is "not remote or speculative" but rather "actual and imminent." *State of New York v. Nuclear Regul. Comm'n*, 550 F.2d 745, 755 (2d Cir. 1977). "Significantly, [t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. . . because preliminary injunctive relief is intended to prevent irreparable harm until the court has an opportunity to rule on the lawsuits merits." *Gully v. Ogondo*, Nos. 3:19-cv-612 (SRU), 3:18-cv-858 (SRU), 3:18-cv-941 (SRU), 3:19-cv-310 (SRU), 2020 WL 1863276, at *2 (D. Conn. Apr. 13, 2020) (citations & internal quotation marks omitted).

Plaintiff requests that the "Court Order the. . . Defendant. . . to have Plaintiff's cancer treatment . . . handled by another contracted party: Rosewell (sic) Cancer Center," ECF No. 80 at 2, and requests that the Court enter a 90-day Temporary Restraining Order preventing Defendants from denying him "adequate cancer medical care and treatment." *Id.* at 7. In his supplemental motion, Plaintiff requests that the Court "compel th[e] Defendants to provide [] adequate medical [care] at Roswell Park Cancer Center or Monroe County Center's Cancer Center." ECF No. 82. While Plaintiff seeks an order from this Court relating to his cancer treatment, it appears that Plaintiff's concerns stem from a recent exposure to COVID-19 while at Erie County Medical Center for cancer treatment and his subsequent isolation and quarantine period as a result thereof. *See generally* ECF No. 80. It is unclear, based on the facts set forth in Plaintiff's motion for relief whether this alleged injury sufficiently relates to the conduct giving rise to the operative complaint,

nor is it clear precisely what relief Plaintiff seeks.  Nonetheless, because of Plaintiff's *pro se* status, the Court will construe the motion liberally as claiming the injury relates to his exposure from secondhand smoke as set forth in the operative complaint, and, because it is clear from Plaintiff's own allegations that he is in fact receiving some medical care, the Court construes Plaintiff's request as seeking an order to receive different care and/or care at a different facility.

To establish an Eighth Amendment claim for inadequate medical care, a prisoner must prove deliberate indifference to his serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).  The standard incorporates both objective and subjective elements.  The objective "medical need" element measures the severity of the alleged deprivation, while the subjective "deliberate indifferent" element ensures that the defendant acted with a sufficiently culpable state of mind.  *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003) (citing *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).  "A serious medical condition exists where the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."  *Harrison v. Barkley*, 219 F.3d 132, 136-37 (2d Cir. 2000) (citing *Chance*, 143 F.3d at 702 (internal quotation marks omitted)).

A plaintiff must also adequately allege that the defendants had actual knowledge of his serious medical needs but were deliberately indifferent to it.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003).  "[N]ot every lapse in prison medical care will rise to the level of a constitutional violation."  *Smith*, 316 F.2d at 184.  "In most cases, the actual medical consequences that flow from the alleged denial of care will be highly relevant to the question of whether the denial of treatment subjected the prisoner to a significant risk of serious harm."  *Id.* at 187.

Plaintiff asserts that while receiving cancer treatments at Erie County Medical Center he was exposed to COVID-19, specifically, the delta variant, by the treating staff.  ECF No. 80 ¶ 2.  As a result, Plaintiff was then placed in quarantine from August 20, 2021 to August 23, 2021.  *Id.* ¶ 3.  The quarantine was then extended until August 31, 2021.  *Id.*  It appears that at some point prior to the COVID-19 exposure—specifically, on July 21, 2021—Plaintiff had swelling on the left side of his face, which returned August 18, 2021.  *Id.* ¶¶ 5, 6.  Plaintiff complains that the treatment for such swelling was not immediate, which the Court assumes, based on the motion, was a result of the quarantine period.  *Id.*

Additionally, as a result of the COVID-19 exposure, Plaintiff asserts that his third round of chemotherapy was postponed, and that he has not received treatment since.  *Id.* ¶¶ 12, 13.  Plaintiff further asserts that his isolation was "illegal[];" he was retaliated against for not obeying the Superintendent's order to take a photo; he was punished for practicing his religion which prevents cutting his hair; he was denied clothing, a walker/cane, use of the bathroom, and showers; and was made subject to verbal, physical and sexual abuse.  *Id.* ¶ 16.  Plaintiff further states that by sending him to treatment and exposing him to COVID-19, the Defendants were seeking to cause his death.  *Id.* ¶ 18.

The Court finds no basis to grant the relief sought by Plaintiff.  Based on the facts outlined above, Plaintiff has not established either a likelihood of success on the merits or that the balance of hardships tips decidedly in his favor.  Rather, the claim that Plaintiff is receiving inadequate treatment appears to be a disagreement over the type of treatment Plaintiff is currently receiving and the location at which he is receiving such treatment—but a disagreement of this nature does not provide adequate grounds for an Eighth Amendment claim.  Indeed, Plaintiff recognizes that he does not have the ability to choose the treatment or doctor.  ECF No. 82.  And while the Court

recognizes that Plaintiff has a right to adequate medical treatment, the postponement of such treatment due to possible COVID-19 exposure does not render the treatment inadequate on its face. Moreover, the Court notes that there is no evidence cited by Defendant to support the notion that exposure to COVID-19 would be better mitigated at either Roswell Park Cancer Center or Monroe County Cancer Center.   Indeed, COVID-19 is a risk in all areas of society—there are no guarantees, in any facility, medical or otherwise, that *all* risk of COVID-19 exposure is mitigated. Lastly, Plaintiff's assertion that Defendants attempted to cause his death by possibly exposing him to COVID-19 is baseless.  Accordingly, Plaintiff's motion for injunctive relief is denied.

## CONCLUSION

For the reasons discussed, Plaintiff's motion for a temporary restraining order, ECF Nos. 80, 82, is DENIED.

IT SO ORDERED.

Dated: September 14, 2021
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court Judge
Western District of New York

6