UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

REGINALD GHAFFAAR MCFADDEN,

        Plaintiff,

  -v-                                              18-CV-6684-FPG
                                                        DECISION AND ORDER
CARL J. KOENIGSMANN, ET AL.,

        Defendants.
_____

## INTRODUCTION

*Pro se* Plaintiff, Reginald Ghaffaar McFadden, is an inmate confined at the Wende Correctional Facility ("Wende"). Plaintiff initiated this claim on September 25, 2018, raising a variety of claims under 42 U.S.C. § 1983. ECF No. 1. The current, operative complaint asserts claims under 42 U.S.C. § 1983, alleging: (1) a deliberate indifference claims against Defendants Graf, Schunk, Bonning, and Williams due to the failure to replace Pacemaker batteries within five years; (2) a deliberate indifference claim against Defendant Sutter regarding the refusal to allow Plaintiff to remain hospitalized; (3) an excessive force claim against Defendant Sutter regarding the use of restraints; and (4) a First Amendment claim against Defendant Olney regarding a diet which complies with Plaintiff's religious beliefs. *See* ECF No. 89.

On December 1, 2021, Plaintiff moved, for the fifth time, for a Temporary Restraining Order ("TRO"). ECF No. 103. In his motion, Plaintiff requests: (1) a 90-day TRO "to prevent Defendants from interfering with on-going Chemotherapy" and to ensure that his heart condition is "closely monitored" for a potential heart attack; (2) the appointment of a "Special Master" to enforce the TRO and "report back" to this Court; and (3) to amend the operative complaint to add defendants who are actively obstructing Plaintiff's access to the courts. ECF No. 103 at 5. In

response, Defendants assert that this motion should be denied because there are no claims involving cancer in this lawsuit, the motion offers no evidence that anyone is interfering with his treatments or that he needs additional monitoring of his heart, and the request to amend the complaint offers no factual basis or allegations for the claim that his access to the courts is being obstructed. ECF No. 107 at 2-3.

For the reasons that follow, Plaintiff's motion is DENIED.

## DISCUSSION

"It is well established that in this Circuit the standard for an entry of a [temporary restraining order] is the same as for a preliminary injunction." *Andino v. Fisher*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008) (collecting cases). In general, a district court may grant a preliminary injunction if the moving party establishes "(1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of hardships tipping decidedly in favor of the moving party." *Plaza Health Lab'y, Inc. v. Perales*, 878 F.2d 577, 580 (2d Cir. 1989).

"A preliminary injunction is considered an 'extraordinary remedy that should not be granted as a routine matter.'" *Distrib. Sys. of Am., Inc. v. Vill. of Old Westbury*, 785 F. Supp. 347, 352 (E.D.N.Y. 1992) (quoting *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 80 (2d Cir. 1990)). The mere possibility of harm is insufficient to justify granting a preliminary injunction. *See Borey v. Nat'l Union Fire Ins. Co.*, 934 F.2d 30, 34 (2d Cir. 1991); *Distrib. Sys. of Am.*, 785 F. Supp. at 352; *Costello v. McEnery*, 767 F. Supp. 72, 76 (S.D.N.Y. 1991). To satisfy the irreparable harm requirement, a movant generally must show that he or she is "likely to suffer irreparable injury if the injunction is not granted," *Beal v. Stern*, 184 F.3d 117, 122 (2d Cir. 1999), and that the harm is "not remote or speculative" but rather "actual and imminent." *State of New*

*York v. Nuclear Regul. Comm'n*, 550 F.2d 745, 755 (2d Cir. 1977). "Significantly, [t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. . . because preliminary injunctive relief is intended to prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Gully v. Ogondo*, No. 3:19-cv-612 (SRU), 2020 WL 1863276, at *2 (D. Conn. Apr. 13, 2020) (citations & internal quotation marks omitted).

As an initial matter, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker*, No. 00-CV-0912E(SR), 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (quoting *McKinnon v. Tresman*, No. 302CV2305WWEHBF, 2004 WL 78091, at *1 (D. Conn. Jan. 9, 2004)). Construing Plaintiff's motion liberally, it seems that Plaintiff is concerned with potential *future* interference with medical care based on Plaintiff's prior experiences with prison officials ignoring Plaintiff's health concerns. *See* ECF No. 103 ¶¶ 11-23. However, Plaintiff is specifically concerned with his cancer treatment. *Id.* ¶ 24. The Court does not diminish the severity of Plaintiff's condition but notes that the cancer diagnosis and treatment do not appear to relate to the injuries in the operative complaint here. Even if the cancer diagnosis was part of this case, Plaintiff indicates that he is, in fact, receiving medical care. Specifically, Plaintiff states that Roswell Park Cancer Center recently started another round of chemotherapy and radiation. *Id.* ¶ 22. Therefore, this is not a basis upon which the Court may grant a TRO.

In addition, Plaintiff requests a TRO to ensure that his heart condition is closely monitored for potential heart attack. *Id.* ¶ 24. To the extent Plaintiff's risk of heart attack due to chemotherapy is heightened because of the failure of Defendants to have Plaintiff's pacemaker battery changed within five years, this request may be sufficiently related to the conduct giving

3

rise to the complaint.  However, to establish an Eighth Amendment claim for inadequate medical care, a prisoner must prove deliberate indifference to his serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).  The standard incorporates both objective and subjective elements.  The objective "medical need" element measures the severity of the alleged deprivation, while the subjective "deliberate indifferent" element ensures that the defendant acted with a sufficiently culpable state of mind.  *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003) (citing *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).  "A serious medical condition exists where the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."  *Harrison v. Barkley*, 219 F.3d 132, 136-37 (2d Cir. 2000) (citing *Chance*, 143 F.3d at 702 (internal quotation marks omitted)).

     A plaintiff must also adequately allege that the defendants had actual knowledge of his serious medical needs but were deliberately indifferent to it.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003).  "[N]ot every lapse in prison medical care will rise to the level of a constitutional violation."  *Smith*, 316 F.2d at 184.  "In most cases, the actual medical consequences that flow from the alleged denial of care will be highly relevant to the question of whether the denial of treatment subjected the prisoner to a significant risk of serious harm."  *Id.* at 187.

     Plaintiff fails to establish such deliberate indifference here.  While Plaintiff provides the Court with a background of what he claims are denials of sufficient medical care since he has been in custody, those circumstances are wholly unrelated to the claims of this case.  And while he notes that his pacemaker batteries were replaced late, causing permanent damage to his already weak heart, ECF No. 103 ¶ 14, there is no evidence to demonstrate that the alleged failure to monitor his heart rises to a level of deliberate indifference.  Even if the objective medical need element was

sufficiently established, there is no statement from which the Court can discern that a Defendant acted with the requisite mental culpability here.  Therefore, this is again not a basis upon which the Court may grant a TRO.[1]

Lastly, Plaintiff requests the Court's permission to amend his complaint to add "defendants who are actively obstructing access to the Court."  ECF No. 103 ¶ 26.  As the Court indicated in the November 12, 2021 Text Order, ECF No. 95, without a proposed amended complaint, the Court cannot assess the alleged new claim.  The same holds true here.  Plaintiff provides no proposed amended complaint, nor does Plaintiff provide any factual basis for the alleged wrongful conduct giving rise to the potential new claim.  In addition, the Court has indicated that the more efficient course here, given the time this case has been stalled at the pleadings stage, is to await the entry of a scheduling order for discovery before moving forward with amendment.  As such, the Court denies this request.

## CONCLUSION

For the reasons discussed, Plaintiff's fifth Motion for a Temporary Restraining Order, ECF No. 103, is DENIED, and Plaintiff's request for leave to amend contained therein is DENIED.

IT IS SO ORDERED.

Dated: December 8, 2021
        Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Court Judge
Western District of New York

---

[1] Because the Court does not find any sufficient basis to grant a TRO to prevent Defendants from interfering with treatment or compelling Defendants to "closely monitor" Plaintiff's heart, the Court also finds no basis to provide a "Special Master" to enforce the TRO, to the extent the Court even has the power to do so.