UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

REGINALD GHAFFAAR McFADDEN,

                                 Plaintiff,

        v.

D. WILLIAMS, et al.,

                                 Defendants.
_____

DECISION & ORDER

18-CV-6684FPG

On September 25, 2018, *pro se* plaintiff Reginald Ghaffaar McFadden commenced this action against the defendants pursuant to 42 U.S.C. § 1983 asserting claims arising during his incarceration in the custody of the New York State Department of Corrections and Community Supervision. (Docket ## 1, 17). Currently pending before this Court are McFadden's motions for the appointment of counsel. (Docket ## 94, 114).

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

    1.    Whether the indigent's claims seem likely to be of substance;

    2.    Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

Of course, to qualify for appointed counsel, a litigant must demonstrate that he is otherwise unable to engage counsel on his own. *See Hodge v. Police Officers*, 802 F.2d at 61 ("the language of the statute itself requires that the indigent be unable to obtain counsel before appointment will even be considered"). In this case, McFadden's submissions fail to demonstrate that he is unable to obtain counsel. To the contrary, the submissions suggest that McFadden successfully identified an attorney willing to take his case, but that he "decided against retaining" counsel due to his disagreement with her requested contingency fee. (Docket # 116 at ¶ 4). Accordingly, appointment of counsel is not warranted in this case.[1] *See Chang v.*

---

[1] In his submissions, McFadden maintains that appointment of counsel is warranted due to his ongoing treatment for cancer. (Docket ## 94, 113, 114). According to McFadden, his ongoing cancer treatments cause side effects that render him unable to complete tasks such as making his bed, cleaning his room, or showering without assistance. (Docket # 113 at 2). Additionally, McFadden suggests that his access to the law library has been restricted as a result of his treatment. (Docket # 94 at 1). McFadden has also represented that he was recently diagnosed with Covid-19, resulting in strict quarantine requirements that inhibit his access to the law library and writing materials. (Docket # 116 at ¶ 1). After a conference with the Court, counsel for defendants submitted medical records relating to McFadden's cancer diagnosis and treatment. (Docket # 115). Those records demonstrate that McFadden receives ongoing treatment for cancer and suggest that McFadden is temporarily placed under neutropenic precautions after treatment in order to minimize his risk of infection until his white blood cell counts stabilize. (*Id.* at 32-33). The records also suggest that following his treatments McFadden is able to care for himself and to engage in activities of daily living, as well as to ambulate with the assistance of a rolling walker; he has been observed working on personal paperwork, cleaning his room, moving furniture, and socializing with other inmates in the "day room." (*Id.* at 27-28, 30, 41-42). To the extent McFadden maintains that his ability to comply with case-related deadlines has been impeded by his medical conditions and treatment, McFadden should confer with counsel for defendants to determine whether the parties can agree to extensions of the applicable deadlines. In the event they cannot agree, McFadden may request extensions from the Court. To the extent McFadden maintains that his treatment-related side effects interfere with his ability to adequately litigate this case and warrant the appointment of counsel, McFadden's submissions do not provide the requisite factual detail necessary to establish

*Jenny JN Nails, Inc.*, 2021 WL 6339643, *2 (D. Conn. 2021) ("[t]he Second Circuit has made clear that before an appointment of counsel is even considered, the indigent person must demonstrate that he is unable to obtain counsel or legal assistance") (quotation omitted); *Valde-Cruz v. Russo*, 2021 WL 1318005, *2 (S.D.N.Y. 2021) ("[p]laintiff has not demonstrated that he has made any effort to engage counsel, and his request should be denied on this basis alone"); *Walsh v. Buchanan*, 2013 WL 145041, *3 (D. Conn. 2013) ("[t]he possibility that the plaintiff may be able to secure legal assistance or representation independently precludes appointment of counsel by the court at this time").

On this record, McFadden's requests for the appointment of counsel **(Docket ## 94, 114)** are **DENIED without prejudice** at this time.  It is McFadden's responsibility to retain an attorney or continue with this lawsuit *pro se*.  28 U.S.C. § 1654.

**IT IS SO ORDERED.**

           *s/Marian W. Payson*
           MARIAN W. PAYSON
           United States Magistrate Judge

Dated:  Rochester, New York
       February 4, 2022

---

that special circumstances justify appointment of counsel.  For instance, McFadden has not described his side effects, including what they are, how frequently the occur, how long they last, whether they wane between treatments, and how specifically they impede his ability to litigate this action.  He also has not provided any details regarding his inability to access the law library, including the circumstances that determine when and for what periods his access is limited.