UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

REGINALD GHAFFAAR McFADDEN,

                Plaintiff,

      v.

D. WILLIAMS, et al.,

                Defendants.
_____

<u>DECISION & ORDER</u>

18-CV-6684FPG

On September 25, 2018, *pro se* plaintiff Reginald Ghaffaar McFadden commenced this action against the defendants pursuant to 42 U.S.C. § 1983 asserting claims arising during his incarceration in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). (Docket ## 1, 47). Currently pending before this Court is McFadden's motion for reconsideration of this Court's previous decision denying McFadden's request for the appointment of counsel. (Docket ## 117, 120, 129).

In support of his request for reconsideration, McFadden suggests that the Court failed to consider previous Orders issued by Hon. Frank P. Geraci, Jr., in which Judge Geraci indicated a willingness to consider McFadden's request for counsel in the event his claims survived a then-pending motion to dismiss. (Docket # 120 at 3). McFadden also maintains that although he had contacted attorney Amy Agnew, Esq., seeking representation, her office never agreed to represent him. (*Id.*).

Regarding his request for appointment of counsel, McFadden maintains that appointment of counsel is warranted due to his medical conditions, including pneumonia, Covid-19, and cancer requiring chemotherapy, which render him unable to access the prison's

law library and cause him significant fatigue. (Docket ## 120 at 1-2, 4-5; 129). According to McFadden, his recovery from pneumonia, Covid-19, and his most recent chemotherapy treatment have left him largely bedridden and isolated in his room due to his suppressed immune system. (Docket # 120 at 4).

McFadden maintains that appointment of counsel is also warranted because he is unable to secure monetary advances to cover the costs of legal mail postage and copying services as a result of having already incurred advances in the amount of $2,145.73. (*Id.* at 14). According to McFadden, as a result, he is unable to mail more than five legal mailings each week and does not have access to copying services, inhibiting his ability to litigate this matter *pro se*. (*Id.* at 2, 4).

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

2

       5.       Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

       Of course, to qualify for appointed counsel, a litigant must demonstrate that he is otherwise unable to engage counsel on his own. *See Hodge v. Police Officers*, 802 F.2d at 61 ("the language of the statute itself requires that the indigent be unable to obtain counsel before appointment will even be considered"). In my previous Order, I determined that McFadden had failed to demonstrate that he was unable to obtain counsel, concluding that his submissions suggested that he had successfully identified an attorney willing to take his case, but that he decided against retaining counsel due to his disagreement with her requested contingency fee. (Docket # 117 at 2-3). In support of his request for reconsideration, McFadden maintains that Amy Agnew's office "never agreed to handle" his case, but that she offered to seek a temporary restraining order on his behalf. (Docket # 120 at 3). McFadden asserts that although they had discussions about the proper course of the litigation, he "wanted to resolve [his lawsuits] as soon as possible." (*Id.*).

       Despite his new assertions, McFadden still has not established that Amy Agnew's law office was unwilling to represent him. Rather, his assertions suggest that they discussed the possibility of representation, but McFadden disagreed with the tactical course proposed by the attorney. On this record, I am unable to conclude that McFadden is unable to engage counsel on his own to represent him.

       In any event, having reviewed the facts presented herein in light of the factors required by law and the Court finds, pursuant to the standards promulgated by *Hendricks v.*

*Coughlin*, 114 F.3d at 392, and *Hodge*, 802 F.2d at 58, that the appointment of counsel is not necessary at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id*. Although McFadden argues that he has demonstrated the merit of his claims because they have survived defendants' motion to dismiss (Docket # 129 at 4-5), "an attorney need not be appointed in every case which survives a motion to dismiss." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 171 (2d Cir. 1989) (internal quotation omitted). Indeed, "[a]lthough the ability to withstand a motion to dismiss may, in some cases, be a good indicator of a meritorious complaint warranting the appointment of counsel, I do not think [McFadden] has made a sufficient showing here."[1] *See Lopez v. Coughlin*, 1994 WL 557988, *2 (S.D.N.Y. 1994). Further, although this matter has a complicated procedural history and the Amended Complaint is "difficult to understand" (Docket # 89 at 6), the action concerns relatively straightforward claims involving deliberate indifference to medical needs, excessive force, and denial of a religious diet, (*id.* at 22-23). Moreover, review of the docket demonstrates McFadden's ability to competently litigate on his own behalf, including seeking discovery, requesting Court intervention when needed, and successfully appealing adverse determinations.

Although McFadden maintains that special circumstances, including his inability to access the law library and secure monetary advances for postage and copying fees, as well as his fatigue due to his medical conditions and ongoing treatment, justify the appointment of counsel, I find that the record fails to establish that such special circumstances exist at this stage.

---

[1] McFadden suggests that the facts regarding defendants' failure to replace his pacemaker battery are not in dispute, demonstrating that this claim is meritorious. (Docket # 129 at 4). McFadden does not provide any citation to support his contention that there are no factual disputes relating to this claim. In any event, in opposition to McFadden's motion for summary judgment, defendants asserted that McFadden was scheduled to have his battery replaced on April 17, 2018, but he refused to go as scheduled. (Docket # 41 at ¶ 27).

With respect to McFadden's allegations relating to his inability to secure monetary advancement for legal mail postage or copying services, McFadden has not explained why he needs more than five legal mailings per week or copying services in order to litigate this matter. In any event, McFadden's submissions suggest that he is entitled to advancement of fees for postage and copying services if he can demonstrate that they are necessary to the litigation. (*See* Docket # 120 at 8-14). For instance, McFadden has attached as exhibits responses to his grievances relating to his inability to obtain monetary advancements. (*Id.*). Citing DOCCS Directive No. 4483,[2] those responses suggest that despite the substantial arrears on his account, McFadden is still entitled to copying services if he can demonstrate through court order, rule, or statute that the documents he seeks to have copied cannot be replicated by longhand. (*Id.* at 14). Similarly, McFadden is entitled to an advance for postage for legal mailings in excess of the five free mailings he is allotted each week despite his substantial arrears, provided he can justify his request by establishing that he requires the mailing in order to comply with a court order or statutory deadline.[3] (*Id.* at 11).

---

[2] In relevant part, Directive 4483 states as follows:

> An inmate lacking sufficient funds may not receive photocopying services, unless the Law Library Supervisor, in consultation with the Law Library Administrator or the Office of Counsel, approves an advance for same. Advances will only be authorized for photocopies of specific documents that are required by the courts that cannot be replicated longhand. All requests for legal photocopy advances must be accompanied by a completed Form IAS #2708, "Authorized Advance Request."

(*See id.*).

[3] Although not quoted in McFadden's submissions, Directive 4421 is published on the DOCCS website and provides in relevant part:

Turning next to McFadden's allegations that he is unable to access the law library due to his isolation status, his submissions do not demonstrate that his temporary lack of physical access impedes his ability to litigate this action *pro se*. As an initial matter, in my previous Order, I advised McFadden that to the extent he maintained that his inability to access the law library impeded his ability to litigate this matter, he needed to provide details regarding his limited access including: "the circumstances that determine when and for what periods his access is limited." (Docket # 117 at 2 n.1). This McFadden has not done.

Further, McFadden's submissions suggest that he is provided access to law library materials while restricted to his room for medical reasons. (*See* Docket # 120 at 13). In response to his grievance, the Central Office Review Committee ("CORC") advised McFadden as follows:

> [Restricted Medical Unit] incarcerated individuals who are unable to attend the Law Library due to their medical conditions are afforded access in accordance with Directive # 4483 and FOM # 2304. CORC further notes that a Law Library Clerk will be available upon request to RMU incarcerated individuals for assistance to address legal needs. In addition, staff met with the grievant and explained how to request and utilize a Law Library Tablet.

(*Id.*). McFadden has not explained how the access and assistance available pursuant to Directive No. 4483[4] is insufficient to satisfy his legal research and assistance needs while isolated in the medical unit.

---

> Exceeding the $20 limit shall only be approved if an inmate can show by court rule, court order, a statute of limitations, or other legal deadline applicable to his or her individual circumstance that the legal mail must be sent prior to receipt of the next week's free postage allowance. The inmate must provide justification for such advance.

*See* DOCCS Directive # 4421, *available at* https://doccs.ny.gov.

[4] Although not quoted in McFadden's submissions, Directive 4483 is published on the DOCCS website and provides in relevant part:

Finally, McFadden's submission suggests that his medical symptoms and treatment side effects cause him to suffer weakness, fatigue and memory impairment, which also impedes his ability to represent himself in this litigation. (Docket ## 120 at 1-6; 129 at 3). Although the Court is sympathetic to McFadden's medical conditions, those conditions alone are not sufficient to demonstrate special circumstances justifying the appointment of counsel. *See Tiedemann v. S. Health Partners, Inc.*, 2017 WL 445591, *2 (D.S.C. 2017) ("[p]laintiff [represents] that he has been diagnosed with colon cancer and is undergoing treatment, which causes great fatigue, and once treatment is complete, he will undergo surgery[;] [w]hile the court is not unsympathetic to [p]laintiff's medical treatment, the fact remains that this civil rights action does not present complex issues, and, to this point, [p]laintiff has demonstrated that he is capable of representing himself in this matter"); *Wine v. Pollard*, 2015 WL 9295536, *3 (E.D. Wis. 2015) ("[plaintiff] has described very serious medical conditions and treatment [including terminal cancer] but, despite those limitations, he has continued to competently litigate this case"). As I previously indicated, to the extent that McFadden maintains that his symptoms or treatment-related side effects interfere with his ability to adequately litigate this case, McFadden must describe his symptoms and side effects to the Court, "including what they

---

> Incarcerated individuals prohibited by their confinement status from visiting the Law Library shall be allowed to study Law Library materials in their cells and obtain legal services normally available to general population individuals.
>
> Where available, tablets that are specifically designated for Law Library use should be distributed to incarcerated individuals who are unable to physically visit the Law Library.  Tablet use may be limited by availability and/or location within a correctional facility.  If tablets are not available, incarcerated individuals may request, in writing, a maximum of two items per day of written materials available in the Law Library which will be delivered, if available, within 24 hours of receipt of the request.  Incarcerated individual may retain said legal materials for a period of not less than 16 hours nor more than 24 hours.

*See* DOCCS Directive # 4483, *available at* https://doccs.ny.gov.

are, how frequently they occur, how long they last, whether they wane between treatments, and how specifically they impede his ability to litigate this action." (Docket # 117 at 2 n.1).

On this record, McFadden's motion for reconsideration of this Court's Decision & Order (Docket # 117) denying appointment of counsel **(Docket ## 120, 129)** is **DENIED without prejudice** at this time. It is McFadden's responsibility to retain an attorney or continue with this lawsuit *pro se*. 28 U.S.C. § 1654.

**IT IS SO ORDERED.**

                                                  *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                                United States Magistrate Judge

Dated: Rochester, New York
         May 3, 2022