UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

REGINALD GHAFFAAR McFADDEN,

                     Plaintiff,

      v.

D. WILLIAMS, et al.,

                     Defendants.
_____

**DECISION & ORDER**

18-CV-6684FPG

Currently pending before this Court are ten motions filed by plaintiff Reginald Ghaffaar McFadden ("McFadden"). (Docket ## 122, 132, 137, 149, 151, 156, 157, 160, 168, 169). The majority of them relate to discovery disputes primarily involving interrogatories that McFadden served on defendants. (Docket ## 122, 137, 149, 151, 156, 157, 160, 169). The remaining motions address McFadden's desire to amend his complaint and his request for this Court's recusal. (Docket ## 132, 149, 168).

**I.**    **Motion for Recusal**

McFadden seeks this Court's recusal on the grounds that the Court has been "decisively bias[ed]" from the start of the litigation and has "fail[ed] to properly manage the [litigation] to the prejudice of plaintiff." (Docket # 168). Although McFadden asserts conclusorily that this Court has exhibited bias, his assertion is unsupported by any specific allegations. Conclusory allegations of bias are insufficient to warrant recusal. *See Person v. Gen. Motors Corp.*, 730 F. Supp. 516, 519 (W.D.N.Y. 1990) ("[c]ounsel's allegations are generally so vague, conclusory, and unsubstantiated that they are utterly inadequate to require

recusal[;] . . . [c]onclusory statements are of no effect[;] [n]or are counsel's unsupported beliefs and assumptions") (internal quotations omitted).

Review of McFadden's motion suggests that his genuine complaint is that this Court's decisions are not being rendered as quickly as he believes they should be. That McFadden is not satisfied with the speed with which decisions are issued does not entitle him to recusal. *See United States v. Alevras*, 114 F. App'x 488, 489 (3d Cir. 2004) (unpublished decision) ("we find baseless appellant's suggestion that the district judge should be recused on remand because he allegedly took too long to decide the motion, and then allegedly decided it too quickly after appellant wrote the judge to complain that it was taking too long for the motion's disposition"); *Roudabush v. Pirelli*, 2015 WL 5567413, *4 (D.N.J. 2015) (recusal not warranted where plaintiff contended that the court had "taken too long in resolving his pending motions, of which there have been many[;] [d]issatisfaction with the litigation process is not grounds for recusal"); *Drumgo v. Roop*, 2015 WL 1788940, *2 (D. Del. 2015) (plaintiff's complaints regarding the length of time to issue decisions was not a basis for recusal).

In any event, review of the docket shows that this case was referred to the undersigned slightly more than one year ago, on October 29, 2021 (Docket # 91), and, since that time, the Court has worked diligently to address many motions that McFadden has filed (*see* Docket ## 94, 104, 111, 114, 117, 120, 129, 131). Despite the Court's efforts, ten motions remain pending consisting of approximately twenty-five related filings. (Docket ## 122, 128, 132, 134, 136, 137, 138, 140, 149, 150, 151, 152, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 168, 169). Many of these motions repetitiously seek the same relief, and many include filings that conflate or refer to issues raised in other pending motions or in other cases pending

before the Court, which only complicates the task of identifying the precise issues pending before the Court and results in unnecessary delay resolving the issues.

This is not the first time that McFadden's unnecessary multiplication of filings has resulted in needless confusion, delay, and a judicial admonishment to limit his filings, particularly regarding matters that are already pending before the Court. (*See*, *e.g.*, Docket # 62 ("[t]he Court again directs [p]laintiff to refrain from additional filings, . . . until the Court renders a decision on the [pending motion]")). In the future, McFadden must comply with the local rules of civil procedure governing motion practice. These rules set forth the permissible filings in support of a motion, which include an opening submission, an opposition submission, and, if requested, a single reply. See W.D.N.Y. Local Rules 5.2 and 7 (replies permitted only if "the moving party has stated an intent to reply"). These submissions should not be supplemented by letters or other filings absent express leave from the Court. See W.D.N.Y. Local Rule 7(a)(6) ("[a]bsent permission of the Judge hearing the motion, sur-reply papers are not permitted"). Moreover, McFadden should not file multiple motions seeking the same relief.

Additionally, McFadden should refrain from filing single motions or sending single letters to the Court that relate to both of his currently-pending lawsuits: 18-CV-6684 and 16-CV-6105. Each submission that McFadden makes should relate only to a single case and should be clearly captioned with the pertinent case number. See W.D.N.Y. Local Rule 5.2(g) ("[w]here a *pro se* litigant has more than one (1) action pending, any motion or other papers purporting to relate to more than one (1) action will not be accepted for filing, except upon a finding of good cause[;] [a] motion or other papers shall be directed to the issues raised in one (1) action only, and shall be filed only in that action"). **McFadden is cautioned that filings not in compliance with the local rules will be stricken and not considered by the Court.**

3

For the reasons discussed above, McFadden's motion seeking this Court's recusal **(Docket # 168)** is **DENIED**.

II. **<u>Discovery Motions</u>**

I turn next to the multiple discovery motions pending before the Court. (Docket ## 122, 137, 149, 151, 156, 157, 160, 169). Review of the substantial number of filings related to these motions reveals that many of the issues raised are either premature, moot, or not ripe for determination because the parties have not yet satisfied their conferral obligations. The Court addresses each of the discovery motions below.

I first address McFadden's motion to compel defendants' initial disclosures. (Docket # 122). Review of the submissions demonstrates that defendants failed to timely serve their disclosures – an oversight that they promptly corrected after service of McFadden's motion. (Docket ## 125, 126, 127, 128). Because defendants have now provided their initial disclosures, McFadden's request for an order compelling them to do so is moot. *Vega v. Hatfield*, 2011 WL 13128745, *1 (W.D.N.Y. 2011) ("[a]lso pending is [plaintiff's] motion to compel certain discovery responses[;] [b]ecause defendants represent that they have now produced the requested discovery . . . , [plaintiff's] motion to compel is denied as moot"); *Smith v. Fischer*, 2008 WL 5129863, *1 (W.D.N.Y. 2008) ("defendants filed a response to plaintiff's request for admissions[;] . . . [a]ccordingly, to the extent plaintiff moves to compel a response to his requests for admissions, such motion is denied as moot"). Accordingly, McFadden's motion to compel initial disclosures **(Docket # 122)** is **DENIED as MOOT**.

I turn next to McFadden's filings seeking to compel discovery responses from defendants and for a protective order adjourning his deposition. (Docket ## 137, 140, 149, 156,

4

157, 162, 163, 164, 165, 169).  By motion dated June 6, 2022, McFadden requested an order compelling defendants to respond to interrogatories and document requests that he maintains he served on May 5, 2022.  (Docket # 137).  Defendants opposed the motion, asserting that the motion was premature because their responses were not yet due and McFadden had failed to confer with them prior to filing the motion.  (Docket # 138 at ¶¶ 3, 18-22).  Defendants also contend that the motion is moot because they interposed written objections to the requests on June 9, 2022, and supplemented their responses on June 24 and July 12 and 19.  (Docket ## 135; 138 at ¶ 27; 141; 142; 143; 144; 146; 147; 148).  Because the responses have been provided, McFadden's motion to compel the responses **(Docket # 137) is DENIED as MOOT**.

Subsequent to the service of defendants' interrogatory responses, McFadden filed several motions challenging the responses as "unsworn," *i.e.*, not verified under oath in accordance with Rule 33(b)(3) of the Federal Rules of Civil Procedure.  (Docket ## 149 at 10-11; 157; 169).  In response, defendants concede that they failed to include the proper language in their responses, but note that the deficiency would have been promptly remedied had McFadden conferred with them prior to seeking judicial intervention.  (Docket ## 150 at ¶¶ 12-13; 159 at ¶¶ 9-11).  Defendants have now served supplemental responses correcting this deficiency.  (Docket ## 154; 161 at ¶ 13 and Exhibit A).  To the extent McFadden argues that the responses are deficient because they were not attested to before a notary public (*see*, *e.g.*, Docket # 161 at ¶ 12; 169), I disagree.  *See Richard v. Dignean*, 332 F.R.D. 450, 457-58 (W.D.N.Y. 2019) ("[b]ecause there is no material difference between verifications sworn under oath and a declaration affirmed pursuant to § 1746, . . . [d]efendants' respective declarations, made 'under penalty of perjury,' that their interrogatory responses were 'true and correct' . . . , satisfy the oath requirement") (internal quotations and citations omitted).

Although not entirely clear, it appears that McFadden seeks to compel responses to additional sets of interrogatories that he served on defendants Sutter, Graf, Olney, Schunk, and Williams.[1] (Docket ## 149 at 2, ¶ 1; 149-1 at 3-16). McFadden represents that he served those interrogatories on defendants on June 13, 2022. (Docket # 149 at 2, ¶ 1). Defendants do not respond to this portion of McFadden's motion (*see* Docket # 150), and review of the docket suggests that defendants have not yet served objections and/or responses to these interrogatories. To the extent they have not already done so, defendants should provide written responses to these interrogatories on or before **December 22, 2022**.

McFadden also appears to challenge the adequacy of some of defendants' responses to his discovery demands. (Docket ## 140 at ¶ 5; 149; 162; 165; 169). He does so, however, without including the required certification that he conferred in good faith with opposing counsel in an effort to resolve the disputes before filing the motion. *See* Fed. R. Civ. P. 37(a)(1). Indeed, defendants' counsel has repeatedly affirmed that McFadden did not contact him to discuss defendants' responses before filing the pending motions. (Docket ## 138 at ¶ 3; 150 at ¶ 3; 158 at ¶ 3). McFadden's failure to comply with the conferral requirement before filing the pending motions to compel is grounds to deny the motions. *See*, *e.g.*, *Buckingham v. Lewis Gen. Tires, Inc.*, 2017 WL 975942, *6 (W.D.N.Y. 2017) ("[plaintiff's] failure to comply with Rule 37[(a)(1)], particularly in light of the Court's advisement [of the need to confer before filing a motion to compel], warrants denial of his motions [to compel]"); *Brown v. Clayton*, 2013 WL 1409884, *2 (D. Conn. 2013) ("[t]he failure to follow the meet and confer requirement is a sufficient basis for denying the motion to compel"). Accordingly, McFadden's motions to

---

[1] It appears that McFadden also seeks to compel responses to interrogatories he served on defendant Olney in May 2022. (Docket ## 149 at 2, ¶ 1; 149-1 at 17-19). Olney has already responded to these interrogatories. (Docket ## 143; 161 at 21-25).

compel **(Docket ## 149, 157, 169)** are **DENIED**, except that defendants Sutter, Graf, Olney, Schunk, and Williams shall answer the supplemental interrogatories served on June 13, 2022, by no later than **December 22, 2022**, if they have not already done so.  McFadden should discuss or address any disputes regarding the adequacy of discovery responses with counsel for defendants in an attempt to resolve the disputes as the applicable rules require.  The Court expects that good faith, genuine conferrals will resolve certain disputes and avoid unnecessary motion practice.

Insofar as McFadden's submissions may be read to request leave to serve requests for admissions (Docket ## 169, 170), he does not need leave of the Court to do so, and he may serve such requests if he has not done so already.  To the extent that he also seeks leave to serve an additional fifteen interrogatories on defendant Graf that, when coupled with his previous interrogatories answered by Graf, would exceed the twenty-five permitted by Fed. R. Civ. P. 33(a)(1), that application is denied as unjustified by the reason proffered – that his motions to compel were outstanding at the time he filed his request for permission to serve additional interrogatories.  (*See* Docket # 169 at ¶ 6).

Also pending are McFadden's motions seeking to take depositions upon written questions of several of the individual defendants and to compel answers to interrogatories purportedly propounded to nonparty Medtronic, Inc.  (Docket ## 151, 160).  Defendants oppose these motions on the grounds that McFadden has never served notices to take any depositions upon written questions and that they cannot be compelled to respond on behalf of a nonparty.  (Docket ## 152, 161).  Defendants also oppose both motions on the grounds that McFadden made no attempts to resolve the disputes prior to seeking judicial intervention.  (Docket ## 152 at ¶¶ 3, 7; 161 at ¶ 3).

With respect to McFadden's discovery demands to Medtronic, defendants are correct that they cannot be compelled to provide discovery responses on behalf of a nonparty. Moreover, "[d]iscovery of non-parties must be conducted by subpoena pursuant to [Rule 45 of the Federal Rules of Civil Procedure], not the rules governing discovery of parties." *Chiquita Fresh N. Am., LLC v. Long Island Banana Corp.*, 2018 WL 4853049, *2 (E.D.N.Y. 2018). To the extent McFadden wishes to pursue discovery from Medtronic, he must seek such information through subpoena, not through interrogatories or document requests. *See id.* ("any interrogatories or requests for production of documents served on non-parties are a nullity") (internal quotation and bracket omitted). Accordingly, McFadden's motion for an order compelling defendants to answer non-party discovery **(Docket # 151)** is **DENIED**.

Regarding McFadden's motion for depositions upon written questions, McFadden must first serve notices of deposition upon written questions upon the deponents in accordance with Rule 31(a)(3) of the Federal Rules of Civil Procedure before seeking an order compelling responses. Such notices must also include the "name or descriptive title and address of the officer before whom the deposition will be taken." Fed. R. Civ. P. 31(a)(3). Accordingly, to the extent McFadden seeks to depose individual defendants upon written questions, he must first serve the notices and arrange for an officer before whom the depositions will be taken. *See Woodward v. Mullah*, 2010 WL 3023117, *5 (W.D.N.Y. 2010) ("plaintiff's deposition notices fail to comply with Rule 31, which requires that the notice of deposition upon written questions set forth the officer before whom the deposition will be taken"). Any costs associated with such depositions must be borne by McFadden. *See id.* ("[p]laintiff's *in forma pauperis* status entitles him to free service of process by United States Marshals, however, it does not entitle him to

waiver of witness fees, mileage, or deposition officer fees") (ellipses omitted).  On this record, McFadden's motion to compel depositions upon written questions **(Docket # 160)** is **DENIED**.

Finally, I turn to McFadden's request for a protective order adjourning his deposition noticed to occur on August 18, 2022.  (Docket # 156).  According to McFadden, defendants' deposition notice contravenes this Court's December 9, 2021 scheduling order, which set August 26, 2022 as the deadline for completion of plaintiff's deposition, with thirty days advance notice to be provided.  (*Id.*).  McFadden also maintains that he should not be deposed until written discovery is completed.  (*Id.*).  Although defendants opposed the motion (Docket # 158), they nonetheless agreed to adjourn McFadden's deposition and requested an extension of the scheduling deadlines.  (*Id.*).  In reply, McFadden joined defendants' request for an extension of the scheduling deadlines due to the pendency of motions.  (Docket # 164). Because the parties have agreed to adjourn the deposition and to extend the deadlines contained in the scheduling order, McFadden's motion for a protective order **(Docket # 156)** is **DENIED as MOOT**.

As a final matter, this Court reiterates that Rule 37(a)(1) of the Federal Rules of Civil Procedure requires, as a prerequisite to a motion to compel, that the requesting party first confer in good faith with the responding party and include with his motion a certification attesting that the parties have conferred.  Fed. R. Civ. P. 37(a)(1).  This Court's local rules also require parties seeking judicial intervention to resolve a discovery dispute to include an affidavit "showing that sincere attempts to resolve the discovery dispute have been made."  W.D.N.Y. Loc. R. 7(d)(3).  The local rules further provide that "no motion for discovery and/or production of documents . . . shall be heard unless accompanied" by such an affidavit.  *Id.*  "The purpose of the meet and confer requirement is to resolve discovery matters without the court's intervention

to the greatest extent possible." *Excess Ins. Co. v. Rochdale Ins. Co.*, 2007 WL 2900217, *1 (S.D.N.Y. 2007). "Only those matters that remain unresolved after serious attempts to reach agreement should be the subject of a motion to compel." *Id.*

Review of the excessive number of discovery motions and filings reveals that many, if not all, of McFadden's disputes were not addressed with opposing counsel before he filed the motions, and indeed many could have been resolved had he done so. McFadden is cautioned that he must comply with the conferral requirements of the Federal and Local Rules of Civil Procedure and that any additional discovery motions must include the required certification outlining his conferral attempts and attaching any relevant correspondence. Any discovery motions that fail to comply with these rules will be stricken or dismissed.

### III. <u>Motions to Amend</u>

Also pending before the Court are McFadden's motions to amend his complaint. (Docket ## 132, 149), and a decision on them will issue in due course. Because a determination of those motions may affect the scope of discovery, and considering the parties' expressed desire for an extension of the scheduling deadlines due to the pendency of those motions (Docket ## 158, 164), the Court will stay the deadlines (with the exception of the deadline to amend the pleadings, which expired prior to the pending motions) contained in its scheduling order (Docket # 110) pending determination on the motions to amend. Until those motions are determined, the parties shall not file any further motions or requests for relief in this matter, except for motions or requests for preliminary or emergency injunctive relief under Rule 65 of the Federal Rules of Civil Procedure or any motion seeking review of this Decision and Order. Any violations of this directive will be cause for sanctions.

**CONCLUSION**

For the reasons stated above, McFadden's motion for recusal **(Docket # 168)** is **DENIED**; his motions seeking various forms of relief **(Docket ## 122, 137, 151, 156, 157, 160, 169)** are **DENIED**. That portion of McFadden's motion that seeks to compel responses to interrogatories served on June 13, 2022 **(Docket # 149)** is **GRANTED** and that portion of the motion challenging the adequacy of defendants' responses to earlier discovery demands is **DENIED**. Defendants are directed to provide written responses to the June 2022 interrogatories on or before **December 22, 2022**. McFadden's motions to amend **(Docket ## 132, 149)** are **RESERVED**. Pending determination of the motions to amend, the deadlines contained in this Court's scheduling order (Docket # 110) (except for the deadline to amend the pleadings) are stayed, and the parties shall not file any motions or requests for relief in this matter, except for motions or requests for preliminary or emergency injunctive relief under Rule 65 of the Federal Rules of Civil Procedure or any motion seeking review of this Decision and Order.

**IT IS SO ORDERED.**

> *s/Marian W. Payson*
> MARIAN W. PAYSON
> United States Magistrate Judge

Dated: Rochester, New York
 November 22, 2022